No. 21,080.

BELLE HOLCOMB, *Appellee,* v. CLIFTON TOWNSHIP, *Appellant.*

SYLLABUS BY THE COURT.

NEGLIGENCE—*Defective Guard-rails on Township Bridge—Personal Injuries—Evidence—Judgment.* In an action to recover for injuries alleged to have been occasioned by defective guard-rails on a township bridge, it is held that the record fails to disclose prejudice or passion on the part of the jury, and the findings being sustained by evidence showing that the plaintiff was without fault, that the guard-rails were insufficient, that this was the proximate cause of plaintiff's injuries, and that the township trustee had due notice of the defect, a judgment against the township cannot be disturbed.

Appeal from Wilson district court; JAMES W. FINLEY, judge. Opinion filed December 8, 1917. Affirmed.

*W. H. Edmundson,* and *Miles E. Canty,* both of Fredonia, for the appellant.

*S. C. Holmes, S. C. Holcomb,* both of Yates Center, and *P. C. Young,* of Fredonia, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff recovered judgment against Clifton township, in Wilson county, for damages resulting from the negligence of the defendant in the construction of a concrete bridge. The township appeals and seeks a reversal mainly on the ground that the verdict is contrary to the evidence and was given under influence of passion and prejudice. It is substantially an attempt to have this court pass upon the weight of the testimony.

The appellant's contentions are, *first,* that there was no negligence in the construction of the bridge, although the jury, upon what must be regarded as sufficient evidence, found that there was negligence; *second,* that if the bridge was negligently constructed, that was not the proximate cause of the injury; and *third,* that the township is not liable by reason of failure to give the trustee notice as required by the statute.

In August, 1913, the township constructed a concrete bridge across a small creek on a highway south of the town of Buffalo. The bridge is 12 feet 5 inches in the clear between the

Holcomb v. Clifton Township.

abutments, 16 feet in length, and on either side there is a concrete guard or railing 18 inches high and 8 inches thick. The original plan contemplated putting up a railing of 2-inch gas pipe on either side, and in each of the concrete guards three 2-inch holes were left for that purpose, one at each end and one in the middle. For some reason no railing was constructed upon the concrete guard. The accident happened in March, 1914. The plaintiff, together with Mrs. Perkins and another woman who held a small child on her lap, was riding in a single-seated buggy, Mrs. Perkins driving. When the horse reached the middle of the bridge it became frightened at an animal in the creek below and commenced to back. In some manner both rear wheels got astride one of the concrete guards and the buggy hung suspended, spilling the occupants into the creek bed and injuring the plaintiff. At the trial the defendant had a theory that the horse backed the buggy entirely off the bridge, then moved forward, drawing the rear wheels over the outside of the concrete guard. We are unable to see what particular difference it would make just how the accident happened, if the negligence in the construction of the bridge, which the jury found was the proximate cause of the accident, was in not having a sufficient guard-rail. It was stipulated at the trial that the height of the hub on the wheels of the vehicle in which plaintiff was riding was 21 inches.

There is nothing in the evidence or findings to indicate that the jury were influenced by passion or bias, or, as defendant contends, found a verdict for plaintiff because of sympathy for her. Much of defendant's argument would have been proper before the jury, but has no place here, because it requires us to pass upon the weight of the evidence. The trustee of the township was a witness, and while he disclosed a very deficient memory, there was enough in his admissions to show that he had actual notice of the condition of the bridge. The only conflict in the evidence was over the question whether the bridge was negligently constructed by reason of the height of the guard. The statute makes it the duty of the township trustee to "cause to be placed, in a substantial manner, and maintained in good repair, on each and every bridge of a span of ten feet and over erected by any township or road district upon any public highway in their respective townships, good and

sufficient guard-rails on each side of any such bridge." (Gen. Stat. 1915, § 723.) Section 722 of the General Statutes of 1915 makes the township liable to any person injured on account of a defective bridge, who is free from fault or negligence, provided the trustee has had notice of such defective condition at least five days prior to the injury.

The county engineer and other witnesses familiar with the construction of bridges testified on behalf of the township, in substance, that in their opinion the guard was sufficient. The jury have found on conflicting evidence that it was not, and that the insufficient guard was the proximate cause of plaintiff's injuries. There was no conflict in the evidence showing notice to the trustee, and the jury have absolved the plaintiff from fault or negligence on her part.

The judgment is affirmed.